IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**LEUCY MENDEZ-MATOS**,

        Petitioner,

v.                                  **CIVIL ACTION NO. 5:23-CV-247**
                                        Judge Bailey

**R. BROWN,**
Warden, FCI Gilmer,

        Respondent.

## ORDER GRANTING MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Pending before this Court is respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 12], filed August 3, 2023. The same day, United States Magistrate Judge James P. Mazzone issued a ***Roseboro*** Order to petitioner, which informed him of his obligation to file responsive briefing to the Motion within twenty-one (21) days from the date of the Order. On August 21, 2023, petitioner filed a Response to the Motion. *See* [Doc. 16]. Accordingly, this matter is ripe for adjudication. For the reasons contained herein, the Motion will be granted.

## BACKGROUND

Petitioner is an inmate currently designated by BOP to Federal Correctional Institution ("FCI") Gilmer, West Virginia. [Doc. 1]. Petitioner is serving a 240-month

sentence for drug trafficking offenses in District of Puerto Rico criminal case 3:13-CR-859.[1] His projected release date is March 3, 2023. [Id.].

Petitioner filed the instant petition seeking FTC under the First Step Act ("FSA"). [Id.]. Because petitioner's claims are not ripe for review–petitioner's arguments to the contrary notwithstanding–this case must be dismissed.

## LEGAL STANDARDS

"A responsive pleading captioned as a motion to dismiss or, in the alternative, as a motion for summary judgment puts all parties on notice that a court could construe the motion either way." **Newsome v. Williams**, 2016 WL 11431790, at *2 (N.D. W.Va. May 26, 2016) (Trumble, MJ), *report and recommendation adopted in* **Newsome v. Williams**, 2016 WL 4153615 (N.D. W.Va. Aug. 5, 2016) (Groh, CJ) (quoting **Laughlin v. Metro. Washington Airports Auth.**, 149 F.3d 253, 260 (4th Cir. 1998)).

A motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint or pleading. **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007). In assessing a motion to dismiss, a court may consider public records, "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice," or sources "whose accuracy cannot reasonably be questioned." **Katyle v.**

---

[1] Information and documents relating to petitioner's criminal conviction are availble on the District of Puerto Rico's PACER website.

***Penn National Gaming, Inc.***, 637 F.3d 462 (4th Cir. 2011). This includes documents filed in prior court proceedings. See ***Walker v. Kelly***, 589 F.3d127 (4th Cir. 2009).

Federal Rule of Civil Procedure 12 states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." ***Newsome v. Williams***, 2016 WL 11431790, *supra*, (quoting Fed. R. Civ. P. 12(d)). The Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." *Id.* (quoting ***Sec'y of State for Defence v. Trimble Navigation Ltd.***, 484 F.3d 700, 705 (4th Cir. 2007) (citing ***Blankenship v. Manchin***, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Rule 56(e) of the Federal Rules of Civil Procedure provides that "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must– by affidavits or as otherwise provided in this rule– set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

Rule 56 further provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold

inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A *pro se* party's pleadings are generally construed more liberally and held to a less stringent standard than pleadings drafted by an attorney. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, even under that deferential standard, this Court can "pierce the veil of a complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## THE FIRST STEP ACT OF 2018

The FSA amended 18 U.S.C. § 3621, which governs the calculation of federal prison sentences. Under the FSA, inmates are eligible to earn up to 10 days of time credits for every 30 days of successfully completed BOP-approved recidivism reduction

programming. 18 U.S.C. § 3632 (d)(4)(A)(I). Further, "[a] prisoner determined by the [BOP] to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632 (d)(4)(A)(ii). These time credits can be eligible, at the discretion of BOP, for various incentives and rewards for successful completion, including time credit applied toward time in prerelease custody or supervised release. 18 U.S.C. §§ 3632 (d)(1)–(4)(C).

On January 19, 2022, BOP published its "procedures regarding the earning and application of Time Credits as authorized by the First Step Act of 2018." *See FSA Time Credits*, Federal Register, available at https://www.federalregister.gov/documents/2022/01/19/2022-00918/fsa-time-credits (last visited Dec. 5, 2022). In accordance with the FSA, if the inmate has successfully participated in Evidence-Based Recidivism Reduction Programs ("EBRR") and Productive Activities ("PAS") specifically approved by the BOP, the time credits earned upon completion may not be applied to prerelease custody until:

- The amount of earned Time Credits is equal to the remainder of the inmate's imposed term of imprisonment;

- The inmate has demonstrated a reduced risk of recidivism or maintained a minimum or low recidivism risk during his or her term of imprisonment;

- The remainder of his/her imposed term of imprisonment has been computed under applicable law (e.g., Good Time Credit under 28 CFR Part 523 has been applied,

   eligibility for early release consideration under Residential Drug Abuse Treatment Program regulations in 28 CFR Part 550 has been evaluated, etc.); and

- The inmate has been determined to be at a minimum or low risk of recidivating based on his or her last two assessments, or has had a petition to be transferred to prerelease custody approved by the warden.

Id.; 28 C.F.R. § 523(c)(1) and § 541.

Similar requirements exist under the FSA for earned time credits to apply to supervised release. Time Credits may not be applied to supervised release under 18 U.S.C. § 3624(g) unless:

- The amount of earned Time Credits is equal to the remainder of the inmate's imposed term of imprisonment;

- The inmate's sentence includes a period of supervised release to be served after his or her term of imprisonment;

- The inmate's latest risk and needs assessment shows that he or she is at a minimum or low risk of recidivating; and

- The application of Time Credits would not result in starting the period of supervised release more than 12 months before he or she would otherwise be eligible to do so (i.e., any amount of earned Time Credits in excess of 12 months would be applied to prerelease custody).

Id.

## **DISCUSSION**

Respondent contends this action must be dismissed because petitioner's claims are not ripe. This Court agrees entirely.[2] Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." **Lewis v. Continental Bank Corp.**, 494 U.S. 472, 477 (1990). Article III has been interpreted to have two individual components–standing and ripeness. **Scoggins v. Lee's Crossing Homeowners Ass'n**, 718 F.3d 262, 269 (4th Cir. 2013). "The issue of ripeness entails an analysis considering the fitness of the issues before the court, as well as the hardship that the parties will experience if the court withholds consideration of the dispute." **Id**. at 240 (internal citations omitted). Ripeness "prevents judicial consideration of issues until a controversy is presented in clean-cut and concrete form." **Miller v. Brown**, 462 F.3d 312, 219 (4th Cir. 2006) (citations and internal quotation marks omitted). The Supreme Court of the United States has explained that a "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." **Texas v. United States**, 525 U.S. 296, 300 (1998) (citation and internal quotation marks omitted); see also **Bryant Woods Inn, Inc. v. Howard Cnty., Md.**, 124 F.3d 597, 602 (4th Cir. 1997) (in order to determine ripeness, the court must "decide whether the issue is substantially definitive enough to be fit for judicial decision and whether hardship will result from withholding court consideration").

---

[2]Petitioner's responsive briefing takes issue with respondent's contentions in this regard. However, a review of petitioner's response [Doc. 16] indicates to this Court that petitioner's position rests entirely on his own personal disagreement with BOP's policy implementation directives relating to the FSA. Such arguments have been dismissed as meritless by this Court and courts throughout America for the reasons articulated herein.

The statute governing the release of an inmate with FSA time credits directs BOP to apply credits for a person who has earned them "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). Although the Fourth Circuit has not ruled on the issue, federal courts around the country have routinely read Section 3624(g)(1)(A) to mean that "the BOP is permitted to apply time credits only once an inmate" has earned enough credits to "equal the remainder of [the] sentence." *Lallave v. Martinez*, 2022 WL 2338896, at *11 (E.D. N.Y. June 29, 2022); *Tuner v. Heisner*, 2022 WL 2195348, at *3 (D. Ariz. May 16, 2022) ("FSA earned time credits can be applied to prerelease custody or supervised release only when accumulated credits are equal to the remainder of the prison term."); *Milchin v. Warden*, 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) (same); *Mills v. Starr*, 2022 WL 4084178, at *4 (D. Minn. Aug. 17, 2022) (same). Therefore, the statute requires BOP to apply FSA credits when, and only when, an inmate has earned enough credits equal to the remainder of the imposed term of imprisonment.

As noted by the United States District Court for the Central District of California, "the statutory requirement [that the time earned equal the remainder of the imposed sentence] has a common sense basis. Credits earned as a result of these programs 'may be lost' as a result of misconduct in prison." *Adkins v. Engleman*, 2022 WL 14966123, at *1–2 (C.D. Cal. Sept. 8, 2022), *report and recommendation adopted*, 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022) (internal citations omitted). Because petitioner's number of earned FSA time credits may change, petitioner's challenge is not ripe as it plainly rests upon

"contigent future events that may not occur as anticipated, or indeed may not occur at all." ***Texas***, 523 U.S. at 300.

Because credits can be lost and PATTERN scores can change in the interim, an inmate like petitioner who makes a request to apply FSA time credits towards the current projected calculation of his sentence before application would result in an actual end to his sentence "is essentially seeking an advisory opinion from th[e] court." ***Tran v. Thompson***, 2022 WL 2672478, at * 2 (E.D. Cal. 2022); ***Lallave***, 2022 WL 2338896, at *11 ("it would be inappropriate for the court to direct the BOP to adjudicate the credits at this time").

Here, even if petitioner, at this moment, was entitled to the application of 365 days–the maximum allowable credit towards early release from custody–it would not result in petitioner's immediate release from custody as his current release date is March 3, 2030. Because 18 U.S.C. § 3624(g)(1)(A) provides–and courts have consistently held–that FSA time credits can be applied only when the earned credits are equal to the remainder of the prison term, petitioner is not yet eligible for application of time credits under the FSA. Therefore, his petition is not ripe for review, and he has failed to establish an "immediate injury" that would be redressed by the relief that he seeks. *See* ***Ford v. Chapman***, 371 F.App'x 513, 514 (5th Cir. 2010) (finding that petitioner's release was not immient and therefore he "failed to establish an 'immediate injury' that would be redressed by the relief that she seeks"); ***Markley v. James***, 2021 WL 1736859, at *4 (D. Kan. May 3, 2021) (denying § 2241 petition where the petitioner failed to show eligibility for the application of FSA time credits); ***Sample v. Morrison***, 406 F.3d 310, 312 (5th Cir. 2005) (finding lack of jurisdiction over petitioner's habeas challenging BOP's calculation of good time credits

where petitioner did not allege that he was eligible for immediate release). At this point, therefore, petitioner requests an advisory opinion that would only apply to a remote possible outcome and, accordingly, this matter must be dismissed.

## CONCLUSION

Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**Doc. 12**] is **GRANTED**. Accordingly, the petition [**Doc. 1**] is **DENIED** and **DISMISSED**. The Clerk is instructed to strike this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to provide copies of this Order to all counsel of record herein, and to mail a copy to petitioner.

DATED: August **23**, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE